# United States Court of Appeals
## For the First Circuit

————————————

No. 01-1338

CESAR NASCIMENTO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

————————————

PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

————————————

Before

Torruella, Lynch and Lipez, <u>Circuit Judges</u>.

————————————

<u>Mark B. LaRoche</u> for petitioner.

<u>Janice K. O'Grady</u>, Attorney, Office of Immigration Litigation, United States Department of Justice, with whom <u>Stuart E. Schiffer</u>, Acting Assistant Attorney General, Civil Division, and <u>Christopher C. Fuller</u>, Senior Litigation Counsel, were on brief for respondent.

**LYNCH, Circuit Judge**.  Cesar Nascimento, a citizen of Cape Verde, was served in 1994 with an Order to Show Cause charging that he had overstayed his non-immigrant visa.  After a deportation hearing in 1995, an immigration judge granted him voluntary departure, but he failed to depart by the specified date.  In 1996, he filed a motion to reopen proceedings, seeking suspension of deportation or, in the alternative, a new order for voluntary departure.  After the deportation hearings, the immigration judge denied both requests on December 13, 1996. The immigration judge denied the request for voluntary departure both because she determined he was ineligible under the statute (not having shown he was a person of good moral character) and as a matter of her discretion under the statute. 8 U.S.C. § 1229c(b)(1) (Supp. II 1996).

Nascimento filed a timely appeal with the Board of Immigration Appeals ("BIA"), which the BIA denied on June 22, 2000.  The BIA upheld the denial of voluntary departure on discretionary grounds, without affirming or reversing the

Immigration Judge's finding that Nascimento was statutorily ineligible for relief. The BIA found Nascimento had not "convinced [it] that he did not make [a series of] misstatements . . . or that he had a valid excuse for failing to honor his previous promise to voluntarily depart the United States." Nascimento did not timely seek judicial review of the BIA's order.

Nascimento did, however, file a timely motion with the BIA to reconsider. The federal regulation governing motions for reconsideration states that such motions "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 3.2(b)(1) (2001). Nonetheless, Nascimento's motion for reconsideration stated only:

1. BIA improperly considered evidence of Respondent's eligilbility [sic] and period of residence in the United States;
2. BIA misconstrued or overlooked the evidence regarding Respondent's moral character and
3. Respondent reserves the opportunity to raise additional issues for reconsideration regarding both his request for voluntary departure and cancellation.

Nothing else was filed or said.

The BIA denied the motion to reconsider on February

9, 2001. Nascimento then filed with this court a timely petition for review of the BIA's order denying reconsideration.

The petition is governed by the transition rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c), Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"). The petition does not ask for review of the BIA's affirmance of the denial of suspension of deportation, and so Nascimento has waived that issue. See Rojas-Reynoso v. INS, 235 F.3d 26, 29 (1st Cir. 2000).

Both parties have briefed the case as though the substance of the BIA's June 22, 2000 denial of voluntary departure were at issue. The INS says judicial review over that decision is barred by the jurisdictional limits set forth in IIRIRA § 309(c)(4)(E). Nascimento, in turn, attempts to attack the merits of the Immigration Judge's decision to deny voluntary departure. We do not consider the merits of the voluntary departure denial to be before us, as no timely petition was filed in this court from the June 22, 2000 order. Under IIRIRA § 309(c)(4)(C), such petitions for review must be filed within thirty days of the BIA's final order. This time period runs from the date of the BIA's affirmance of the Immigration Judge's

-4-

order, not from the BIA's denial of reconsideration.  See Stone v. INS, 514 U.S. 386, 405-06 (1995) (holding that filing motion for reconsideration does not toll the period for filing a petition for judicial review of underlying order of deportation).

Thus, the only issue before us is whether the BIA abused its discretion in denying the motion for reconsideration. We have jurisdiction over that issue under our holding in Bernal-Vallejo v. INS, 195 F.3d 56 (1st Cir. 1999), which states that IIRIRA § 309(c)(4)(E) precludes review only of discretionary decisions under the sections enumerated in § 309(c)(4)(E). Id. at 59-60.  Motions for reconsideration do not fall under one of those enumerated sections.  Luis v. INS, 196 F.3d 36, 39 (1st Cir. 1999).  The BIA's decision to deny reconsideration is reviewed for abuse of discretion, id., meaning that it must be upheld unless it "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." LeBlanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983) (quoting Balani v. INS, 669 F.2d 1157, 1161 (6th Cir. 1982)).  It was not any of those things.

The BIA said it denied reconsideration because Nascimento's stated reasons were "conclusory, unsupported by the record, and insufficiently detailed to serve as a basis for a grant of the respondent's motion to reconsider."  We agree.

The petition for review is <u>dismissed</u> and the stay of deportation, which the INS did not oppose, is <u>vacated</u>.