Guang LIN, also known as Kong Lin, also known as Chou Xian Li, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 00–4215(L), 01–4033(CON).

United States Court of Appeals, Second Circuit.

March 7, 2003.

Theodore N. Cox, New York, New York, for Petitioner.

Michael M. Krauss, Assistant U.S. Attorney (James B. Comey, U.S. Attorney, on the brief; Kathy S. Marks and Gideon A. Schor, Assistant U.S. Attorneys, of counsel) Southern District of New York, New York, New York, for Respondent.

PRESENT: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitions for review of the orders of the Board of Immigration Appeals be and they hereby are **DENIED**.

Petitioner Guang Lin petitions for review of two decisions of the Board of Immigration Appeals ("BIA"): (1) the BIA's dismissal of Lin's appeal from a decision of an Immigration Judge ("IJ") denying Lin's motion to reconsider the IJ's earlier denial of Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) the BIA's denial of Lin's motion to reopen the removal proceedings. We deny both petitions.[1]

## I.

Lin, a citizen of the People's Republic of China, attempted to enter the United States at John F. Kennedy International Airport on July 19, 1999 using a fraudulent passport. In February 2000, after passing a credible fear interview, Lin applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and for relief under the CAT (collectively "asylum application" or "application"). He claimed to fear persecution at the hands of the Chinese government because he had violated China's "one-family-one-child" policy by fathering two children with his wife. Deeming Lin's testimony inconsistent and non-credible, the IJ

---

1. On August 1, 2002, Lin filed a third petition for review of a BIA decision. *Lin v. Immigration and Naturalization Service*, Docket No. 02–4355. In that petition, Lin seeks review of the BIA's denial of an additional motion to reopen, this time alleging ineffective assistance by Attorney Cox–the counsel that represented Lin in all of his immigration proceedings before the IJ and BIA, and that is currently representing Lin with respect to the two petitions for review we consider in this summary order.

We ordered Lin's third petition consolidated with his prior two petitions on November 21, 2002, and argument in the consolidated appeal was scheduled for February 24, 2003. However, because the parties were unable to file their briefs with respect to the third petition before the date of argument, we sever the third petition from the instant appeal. We grant the severance after being advised by counsel for Lin on the third petition that Lin consented both to severance and to having Attorney Cox continue to represent him as to the two petitions that are the subject of this summary order. Feb. 12, 2003 Ltr. from Jeffrey E. Baron, Esq. to Roseann B. MacKechnie, Clerk of Court. The government also informed this court that it did not object to the severance.

denied Lin's application on April 20, 2000, and ordered Lin removed to China.

Rather than appeal the denial of his asylum application, Lin submitted to the IJ a motion for reconsideration. The IJ denied the reconsideration motion on May 26, 2000 on the grounds that Lin–contrary to the requirements of INA § 240(c)(5)(C) and 8 C.F.R. § 3.23(b)(2)–neither specified any error of fact or law extant in the prior decision, nor supported his motion with pertinent authority.[2]

Lin appealed the denial of his motion to reconsider to the BIA, arguing that the IJ erred in finding him not credible and in failing to grant his asylum application. On October 20, 2000 the BIA dismissed Lin's appeal, agreeing with the IJ that Lin's failure to specify any errors of fact or law, or to provide legal authority to support the contentions in his reconsideration motion, were proper grounds for denying the reconsideration motion. In its opinion, the BIA noted that because Lin was appealing the IJ's May 26 denial of his motion to reconsider and not the IJ's April 20 denial of his asylum application, it was inappropriate for him to call into question the merits of the IJ's findings regarding his credibility. The BIA went on to explain, however, that the April 20 denial would withstand a challenge on the merits even if it were appropriate for Lin to make one, because Lin's testimony was vague, confusing and inconsistent.

On December 29, 2000 Lin moved for his case to be reopened based on new evidence. The BIA denied this motion on February 9, 2001 on the ground that Lin failed to follow 8 C.F.R. § 3.2(c)(1), which requires movants for reopening to explain how the additional evidence was material

to his claim and why it was unavailable for presentation during prior proceedings.

## II.

INA § 240(c)(5)(C) mandates that a motion to reconsider "shall specify the errors of law or fact in the previous order." Similarly, 8 C.F.R. § 3.23(b)(2) requires that a "motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision." This court reviews for abuse of discretion a decision by the BIA dismissing an appeal from an IJ's denial of a motion to reconsider. *Brice v. U.S. Dep't of Justice*, 806 F.2d 415, 419 (2d Cir.1986).

■ In his motion to reconsider, Lin did not allege errors in the IJ's decision with any specificity, but instead stated only that the "court denied [his] applications for relief on legally insufficient grounds." This wholly conclusory assertion falls far short of a statutory requirement that errors be *specified. See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90–91 (2d Cir.2001) (agreeing with BIA that failure to identify legal or factual error in the previous decision did not meet specification requirement of 8 C.F.R. § 3.2(b)(2), the provision governing motions for reconsideration directed to the BIA and containing specification requirement identical to that contained in 8 C.F.R. § 3.23(b)(2)); *Nascimento v. INS*, 274 F.3d 26, 28 (1st Cir.2001) (same). We thus find that the BIA did not abuse its discretion in dismissing Lin's appeal.

## III.

■ Despite having appealed to the BIA the IJ's denial of his motion to recon-

---

**2.** In his denial of Lin's reconsideration motion, the IJ mistakenly noted that it is 8 C.F.R. § 3.23(b)(3) that requires a movant for reconsideration to specify the errors of fact and law

in the prior decision and to support his motion with pertinent authority. It is actually 8 C.F.R. § 3.23(b)(2) that contains these requirements.

**732**

sider, Lin's brief to this court addresses the merits of the IJ's April 20 decision to deny Lin's asylum application. The date by which Lin was required to appeal that decision–May 20, 2000, *see* 8 C.F.R. § 3.38 ("The Notice of Appeal to the Board of Immigration Appeals ... shall be filed ... within 30 calendar days after the stating of an Immigration Judge's oral decision."); *id.* § 3.39 ("[T]he decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.")–has expired, and this court thus lacks the authority to review the underlying merits of Lin's asylum application. *See Zhao,* 265 F.3d at 89–90.

### IV.

■ 8 C.F.R. § 3.2(c)(1) provides that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." We review denials of motions to reopen for abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Here, the BIA properly concluded that the evidence Lin submitted with his motion to reopen could have been presented at the time Lin first applied for asylum. The majority of the documents and articles discussing China's "one-family-one-child" policy are without exception dated before the date of Lin's original asylum application. Furthermore, while it may be true that the need for a supplemental affidavit from former U.S. Census Bureau demographer John Aird could not have been fully known until after Lin testified at the IJ hearing regarding the family planning officials' alleged threat to sterilize Lin, this merely begs the question of why Lin did not mention the sterilization threat in his original asylum application.

### V.

_____ For all of the foregoing reasons, the petitions for review of the orders of the Board of Immigration Appeals are hereby **DENIED**.