

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2004

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Liu v. Atty Gen USA" (2004). *2004 Decisions.* Paper 464.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/464

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3079

———

XIN SHUI LIU,

Petitioner,

v.

JOHN ASHCROFT, Attorney General of the United States;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,

Respondents

———

Petition for Review of an Order
of the Board of Immigration Appeals
(Board No. A70-893-818)

———

Submitted under Third Circuit LAR 34.1(a)
July 2, 2004

Before: AMBRO, ALDISERT and STAPLETON, Circuit Judges.

(Filed: July 23, 2004)

_____

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write only for the parties, who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as necessary to the discussion. Xin Shui Liu, a native and citizen of China, petitions this court to review an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider an earlier Board determination resulting in a final removal order. For the reasons that follow, we will deny the petition.

Liu, who is married and has three children residing in China, entered the United States without inspection on March 20, 1993. On May 19, 1993, Liu submitted an application for asylum based on claims of past persecution and fear of future persecution for violating China's one-child family planning policy. After six hearings, the IJ denied Liu's application, determining that Liu had not supported his asylum claim with credible testimony. The Board affirmed the IJ's decision on March 3, 2003. Liu did not petition for review of the Board's order, but on March 24, 2003, he filed a motion to reconsider with the Board. The Board denied the motion on June 20, 2003. Liu filed a timely petition for review of the order denying the motion to reconsider.

Liu's brief before this court is mostly devoted to his contention that the IJ's credibility determination was not supported by substantial evidence. Liu's petition for review must be denied for two reasons. First, to the extent Liu seeks judicial review of the Board's March 3, 2003 final order of removal, we do not have jurisdiction to review that order because Liu failed to file a petition for review within 30 days as required by 8 U.S.C. § 1252(b)(1). Second, Liu has not demonstrated that the Board abused its

discretion in denying the motion to reconsider. See INS v. Doherty, 502 U.S. 314, 323 (1992) (holding that the Board's denial of a motion to reopen is reviewed for abuse of discretion).

It is uncontroverted that Liu did not file a petition to review the Board's March 3, 2003, order within 30 days of that order, as required by 8 U.S.C. § 1252(b)(1). The 30-day filing period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995) (construing former 8 U.S.C. § 1105a(a)(1)). The filing of a motion to reconsider a final order of deportation does not toll the 30-day period for seeking judicial review of the underlying order and does not render the underlying order non-final. Id. at 394. Because Liu failed to meet the 30-day filing period, we do not have jurisdiction to review the Board's March 3, 2003 order. See Nocon v. INS, 789 F.2d 1028, 1032-1033 (3d Cir. 1986). See also Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001) ("Because we are precluded from passing on the merits of the underlying exclusion proceedings, petitioner's assertions that he received no due process at his hearing and that the immigration judge's credibility determination was not based on substantial evidence are not before us.").

With respect to Liu's petition for review of the Board's denial of his motion to reconsider, Liu has not shown that the Board abused its discretion in the June 20, 2003 order denying the motion. See Nocon, 789 F.2d at 1033. In his motion to reconsider, Liu was required to "state the reasons for the motion by specifying the errors of fact or law in

3

the prior Board decision" and support his contentions with "pertinent authority." Nascimento v. INS, 274 F.3d 26, 27 (1st Cir. 2001) (citing 8 C.F.R. § 3.2(b)(1) (2001)).

Liu contends the Board abused its discretion in denying his motion to reconsider because he had not been given a full chance to testify, the Board failed to give substantial weight to his testimony, the Board discounted his documentary evidence for no reason, the Board misunderstood China's family planning policy and he had new evidence in support of his claims. We reject each of these contentions.

Liu was afforded a full and fair opportunity to be heard at six administrative hearings before the IJ. At the final hearing, in which his application was denied, Liu testified before the IJ and presented documentary evidence to support his testimony. Liu's contention that the IJ did not take his claims seriously and ignored his testimony is not supported by the record. Although the IJ declined to admit some of Liu's documentary evidence, the IJ did so for well-substantiated reasons, including that Liu failed to authenticate or establish a chain of custody for certain documents, Liu failed to submit several documents in a timely fashion and some of the documents lacked clarity.

Moreover, the record does not reflect any misunderstanding on the part of the IJ regarding China's birth control policy, rather it simply reflects the IJ's belief that the policy was not consistent with the claims made by Liu. Although it is consistent with China's family planning policy for a family to be fined after the birth of a second or third child, it is not consistent with the policy for fines to again be levied years after the birth

4

has taken place. Moreover, the Fujian Province is known for being more relaxed in its enforcement of such policies.

Finally, Liu failed to raise any new factual arguments in his motion to reconsider. Instead, he reiterated the same contentions he had outlined in his original appeal to the Board. As for the legal claims he raised, those were also already raised in his original appeal. Furthermore, Liu fails to provide any legal authority to support his claims and instead relies on conclusory statements that the Board erred as a matter of law. Such conclusory statements cannot satisfy his burden to establish that the Board abused its discretion in denying his motion to reconsider. See Nocon, 789 F.2d at 1033.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.