Guang LIN, also known as Kong Lin, also known as Chou Xian Li, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 02–4355, 03–4993.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

Steven A. Mundie, (Jeffrey E. Baron, on the brief), Baron & Mundie, P.C., New York, New York, for Petitioner.

Varuni Nelson, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Respondent.

Present: OAKES, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitions for review of orders of the Board of Immigration Appeals denying (1) a second motion to reopen removal proceedings and (2) reconsideration of that motion are hereby DENIED.

Guang Lin, a Chinese national, petitions this court for review of a July 2, 2002 Board of Immigration Appeals ("BIA") order denying his second motion to reopen his removal proceedings on the ground that the motion was barred by the time and number limitations of 8 C.F.R. § 3.2(c)(2) (recodified at 8 C.F.R. § 1003.2(c)(2) and referred to hereinafter as such). Lin also petitions for review of the BIA's April 23, 2003 order denying reconsideration of his motion to reopen. We assume the parties' familiarity with the facts and procedural history of this matter as well as our summary disposition of Lin's earlier petitions for review. *See Lin v. INS*, 61 Fed.Appx. 729 (2d Cir.2003). We hereby deny the petitions for review.

When the BIA has applied the correct law to a motion to reopen, our review

is limited to abuse of discretion, and we will reverse only if "the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted); *Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000). In this case, the BIA correctly acknowledged the law in this circuit permitting equity to toll the filing limitations of 8 C.F.R. § 1003.2(c)(2) when an alien demonstrates that (1) "his constitutional right to due process has been violated by the conduct of counsel," and (2) he has "exercised due diligence in pursuing the case during the period [he] seeks to toll." *Iavorski v. INS,* 232 F.3d at 134–35. Nevertheless, Lin asserts that the BIA abused its discretion in holding that he was not entitled to equitable consideration because he failed to show due diligence in pursuing his second motion to reopen. We cannot agree.

Although Lin catalogues ten factors relevant to his asserted exercise of due diligence, they coalesce to support a single argument: the BIA unreasonably failed to recognize that Lin had not learned of his counsel's failure to pursue a direct administrative appeal of his removal order until April 2002, less than two months before he filed his second motion. In fact, Lin never presented this claim to the BIA, although he was represented by new counsel in his second motion to reopen. Indeed, the motion papers never even request equitable tolling of the time and number limitations here at issue, much less attempt to demonstrate due diligence. To satisfy the requirements of *Matter of Lozada,* 19 I & N Dec. 637 (B.I.A. Apr. 13, 1988), Lin did submit a copy of the disciplinary complaint he filed against counsel. Therein, he stated, "15. . . . Over the course of two years, under my relative's constant questioning, Mr. Cox finally admitted that he never appeal[ed] the [Immigration Judge's] decision for me. 16. Mr. Cox *then* filed a Motion to Reopen." Lin Guang Aff. May 8, 2002 (emphasis added). As this quotation demonstrates, Lin's disciplinary complaint did not advise the BIA that he first learned of his lawyer's ineffectiveness on direct appeal in April 2002; rather, from the sequence of reported events, a person would reasonably have concluded that he learned the relevant information sometime before January 2, 2001, the date his first motion to reopen was filed. On this record, the BIA's finding that Lin "has offered no explanation as to why this motion was filed late" cannot be deemed arbitrary or capricious, nor can its decision to deny the motion to reopen be ruled an abuse of discretion.

■ In moving for reconsideration, Lin's counsel asserted that his client's first "attorney continued to tell him that an appeal had been made in his case until only several months ago." On its face, the assertion is conclusory and too vague to satisfy an alien's burden with respect to due diligence given that no attempt is made to reconcile this unsupported assertion with the sequence of events in Lin's own sworn affidavit, which, as already noted, suggests an earlier awareness of counsel's purported ineffectiveness. *See generally Iavorski v. INS,* 232 F.3d at 134 (holding tolling not available where reasonable alien "should have known that he had been victim of ineffective assistance counsel" before end of period he sought to toll); *cf. Dodds v. Cigna Sec., Inc.,* 12 F.3d 346, 350 (2d Cir.1993) (rejecting equitable tolling where investor of ordinary intelligence would have been on inquiry notice of fraud). Under these circumstances, we cannot conclude that the BIA abused its

402

discretion in ruling that Lin "has still failed to adequately explain the 16-month delay between our February 9, 2001, decision on his first motion to reopen (filed by prior counsel) and the motion to reopen he filed on June 11, 2002."

Accordingly, the petitions for review of the orders of the Board of Immigration Appeals are hereby DENIED.