**Mohammed Anowarul ISLAM and Dulari Bagum Islam,** Petitioners,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICE,** Respondent.

Docket No. 03–4590(L), 03–4599(CON).

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Theodore N. Cox (Carolyn Sha, on the brief), New York, New York, for Petitioners.

Toi Denise Houston, Assistant United States Attorney (Joseph S. Van Bokkelen, United States Attorney, Northern District of Indiana, and Timothy G. Hayes, Law Clerk, on the brief), Hammond, Indiana, for Respondent.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Respondent presses that this Court lacks jurisdiction to review the underlying merits of Petitioners' claims because Petitioners failed to file a separate and timely petition for review of the BIA's final order. The petition for review in this case is governed by the transitional provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div. C, 100 Stat. 3009, 3009–546, which utilizes the pre-IIRIRA version of 8 U.S.C. § 1105(a). *See Zhao v.*

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

*U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001).

As this Court pointed out in *Zhao*, the Supreme Court has interpreted the pre-IIRIRA version of § 1105(a) to mean that "an appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate final orders.'" *Id.* (quoting *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). As a result, a separate petition for review of a final order of removal "must be filed not later than thirty days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The order of removal becomes "final" when the BIA affirms the order of the Immigration Judge ("IJ"), not when the BIA denies a motion for reconsideration. *See Stone*, 514 U.S. at 405–06, 115 S.Ct. 1537; *see also Nascimento v. INS*, 274 F.3d 26, 28 (1st Cir.2001).

■ Here, the BIA's final order of removal issued on September 27, 2002, when it affirmed the IJ's order of November 15, 1999. Over the next thirty days, Petitioners failed to appeal this final order of removal, although they did file a motion to reconsider/reopen and for stay of deportation. However, because the "filing of a motion for reconsideration [does] not toll the time for filing a petition to review[,] . . . the appeal before us brings up for review only the Board's denial of the motion to reconsider." *Zhao*, 265 F.3d at 89; *cf. Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).[2]

"We review for abuse of discretion the BIA's denial of a motion to reconsider." *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.23(b)(2); *cf.* 8 C.F.R. § 3.2(b)(1) (pre-IIRIRA version) (same). Petitioners allege several grounds for reconsideration. Specifically, Petitioners assert errors based on the IJ's negative credibility finding, the IJ's refusal to allow corroborating documents (which they assert rises to a denial of due process), her unwillingness to credit Petitioner's testimony without corroboration, and her failure to consider Petitioner's explanation for the omission of his first arrest in his application.

■ However, rather than asserting "additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked," *Matter of Cerna*, 20 I & N Dec. 399, 402 n. 2 (BIA 1991), all of Petitioners' grounds are based on substantive disagreements with the underlying merits of the IJ's decision. "Because we are precluded from passing on the merits of the underlying exclusion proceedings," the Petitioners' merit-based assertions cannot qualify as the specification of a factual or legal error. *Zhao*, 265 F.3d at 90 (declining to consider petitioner's due process and negative credibility challenges). "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004). As a result, the BIA did not abuse its discretion in denying Petitioners' motion to reconsider.

Accordingly, for the reasons set forth above, the decision of the BIA is hereby

---

2. Moreover, Petitioners have waived any challenge to the denial of their motion to reopen by not raising this issue in their opening brief.

*See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005); *see also* Fed. R.App. P. 28(a)(9)(A).

24

AFFIRMED, and the petition for review is DENIED.