**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MOHAMMED ELBOUKILI,

        Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

        Respondent.

No. 97-9529
(Petition for Review)
(No. A73 371 737)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner seeks review of a final order of the Immigration and Naturalization Service (INS) denying his application for asylum or withholding of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

deportation.[1]  Our jurisdiction over this appeal arises under 8 U.S.C. § 1105a(a)[2]; we affirm.

Petitioner, a native of Morocco, came to the United States in 1992, under a nonimmigrant status.  In 1994 the INS took petitioner into custody and issued a show cause order, charging him with being deportable for having overstayed his allowed time of six months. Petitioner filed his application for asylum in January of 1995, alleging a fear of persecution should he be returned to Morocco.  He claimed that his father was arrested and jailed in retaliation for his part in an uprising against the King of Morocco in 1972, and that petitioner himself was shot and jailed following his inadvertent presence during a political uprising in Casablanca.  He believes his treatment was due to association with his father's political involvement.  After several initial hearings and delays, petitioner received an asylum hearing on April 9, 1996.  The Immigration Judge (IJ) denied

---

[1]     The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases.  Because petitioner's deportation proceedings commenced before April 1, 1997, IIRIRA's permanent "new rules" do not apply to this case.  See id. § 309(c)(1).  However, contrary to petitioner's assertions, Appellant's Opening Brief at 1, IIRIRA's "transitional rules" do apply, because in this case the BIA's final order was filed more than thirty days after IIRIRA's September 30, 1997 date of enactment.  See id. § 309(c)(4).  None of the transitional rules bar petitioner from seeking judicial review of the INS's final order in this case.

[2]     Section 1105a was repealed by § 306(b) of IIRIRA.  However, that repeal is not effective in cases such as this one where the transitional rules are in effect.  See IIRIRA § 309(c).

his application for asylum, concluding that his testimony about the treatment he and his father had received in Morocco lacked credibility, based on numerous inconsistences in his testimony and between his testimony and his application. Petitioner appealed to the Board of Immigration Appeals (BIA).

The BIA, in a decision dated May 21, 1997, concluded that petitioner had not met his burden to establish refugee status under 8 U.S.C. § 1101(a)(42)(A), by proving either past persecution or a well-founded fear of future persecution. See Rezai v. INS, 62 F.3d 1286, 1289 (10th Cir. 1995). The BIA agreed with the IJ that discrepancies existed between petitioner's testimony and his application for asylum, that those discrepancies went to the heart of petitioner's asylum claim, and that, accordingly, petitioner's testimony lacked credibility. The BIA concluded that petitioner had not demonstrated eligibility for asylum and declined to address petitioner's request for a discretionary decision in his favor. See Certified Administrative Record, at 5 (BIA's Decision).

On appeal, petitioner challenges the BIA's credibility determination. Further, he asserts that his treatment in Morocco constitutes severe past persecution. Petitioner does not appeal the BIA's decision not to address whether petitioner's case warranted discretionary relief. Finally, petitioner, in a motion filed along with his reply brief, seeks to supplement the record with additional materials: a psychological evaluation and documentation about incidents and

conditions in Morocco.  We note that, at all times during his immigration proceedings, petitioner has been represented by counsel.

Initially, we address petitioner's request to supplement the record, a motion briefed extensively by the parties.  Petitioner seeks to adduce additional documentary evidence about conditions and political events in Morocco and a psychological evaluation of himself, evidence he contends will remedy the defects of his claim and corroborate his testimony.  He requests that we consider this evidence, or, alternatively, remand his case to the BIA for consideration.  See Appellant's Motion to Supplement the Record, at 2.  On appeal, our inquiry is limited to a review of the administrative record.  See Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir. 1996).  We will not consider or weigh evidence not presented to the BIA.  See Rhoa-Zamora v. INS, 971 F.2d 26, 34 (7th Cir. 1992).  However, we can remand for consideration of new evidence to the BIA, under certain standards, set out in 28 U.S.C. § 2347(c).  See Becerra-Jimenez v. INS, 829 F.2d 996, 1000-01 & n.4 (10th Cir. 1987).  To meet the standards of § 2347(c), petitioner must demonstrate that the new evidence is material to his asylum claim and that he had reasonable grounds for failing to present the evidence to the agency.  See Becerra-Jimenez, 829 F.2d at 1001.  We conclude that petitioner has not met the second of these standards; therefore, we do not consider whether the evidence is material.

Petitioner contends that five of the documents he proffers were published after his merits hearing and that the psychological evaluation was not conducted until June of 1997. He admits that the majority of his proffered documentary evidence was published at the time of his agency hearing, but claims it was "effectively unavailable to him based upon his incarceration and communication difficulties with counsel." Appellant's Motion to Supplement the Record, at 2. These are not reasonable grounds for delay in this case.

As respondent points out, petitioner was in custody for only six weeks and was released in August of 1994, some eighteen months before his asylum hearing. To the extent that petitioner implies his previous counsel were ineffective in failing to raise the now-proffered evidence, he makes no argument in support of that theory, but simply contends that he should not be penalized for that "lack of diligence." Petitioner's Reply to Respondent's Motion to Strike and Opposition to Supplementation of the Record and Remand, at 4. We will not address this conclusory assertion. See United States v. Hardwell, 80 F.3d 1471, 1492, reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir. 1996).

Since petitioner's asylum hearing in April of 1996, petitioner has had ample opportunity to present his documentary evidence to the agency (whether on appeal or in a motion to reopen). We also note that petitioner did not file his motion to supplement until he filed his reply brief; his explanation for this delay was that

counsel "simply did not have an opportunity to gather the explanatory documentation supporting the psychological evaluation until shortly before the Reply Brief was due." Petitioner's Reply to Respondent's Motion to Strike and Opposition to Supplementation of the Record and Remand, at 1 n.1. This does not provide reasonable grounds for petitioner's failure to present his documentary evidence earlier. As for the psychological evaluation, this means of demonstrating petitioner's mental state has always been available to petitioner.[3] That the evaluation was performed and a report generated only recently does not provide reasonable grounds for proffering it now as new evidence on appeal.

Finally, petitioner has not filed a motion with the BIA to reopen his case for consideration of the proffered evidence. See Rhoa-Zamora, 971 F.2d at 35 n.10 ("[I]n normal circumstances a party asserting new and material evidence should, in the first instance, resort to [the reopening procedure] rather than invoking our power under § 2347(c).") (further citation omitted). Even when a petitioner satisfies the standards of § 2347(c), we will not order the BIA to grant a petitioner's motion to reopen; that decision is left to the BIA's discretion. See Becerra-Jimenez, 829 F.2d at 1002. Petitioner's Motion to Supplement the Record is denied.

---

[3]    Again, we offer no opinion on the materiality of this kind of evidence to petitioner's asylum case.

Next, we review the BIA's credibility determination, the basis for its decision and the focus of petitioner's arguments on appeal. In our appellate review, we may not reweigh the evidence or determine the credibility of witnesses. See Refahiyat v. INS, 29 F.3d 553, 556 (10th Cir. 1994). We review the agency's credibility findings for substantial evidence. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir. 1997). On review of petitioner's claims, we must uphold the BIA's decision if it finds support "'by reasonable, substantial, and probative evidence on the record considered as a whole.'" Nazaraghaie v. INS, 102 F.3d 460, 463 (10th Cir. 1996) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (further quotation omitted)). Here, the BIA concluded that petitioner had not met his burden to show either past persecution or a well-founded fear of persecution because of "major discrepancies" between petitioner's testimony and his application for asylum. Certified Administrative Record at 5 (BIA Decision). The BIA outlined five discrepancies, all relating to petitioner's testimony about the timing, dates, or duration of certain events in his past. The BIA concluded that the inconsistencies "render[ed] him a witness whose testimony is subject to doubt." Id.

Petitioner admits to inconsistencies, but argues that most of them can be explained. However, these explanations were not offered to the BIA. Therefore, we cannot consider them here. See Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2

-7-

(10th Cir. 1991) (holding failure to raise issues before the BIA constitutes a failure to exhaust administrative remedies and deprives a reviewing court of jurisdiction).

Petitioner further contends the discrepancies are not central to his claim, citing to a dissenting opinion from the BIA's decision in his case by Board member Lory D. Rosenberg. In his dissent, Mr. Rosenberg opined that discrepancies about "temporal details" will undermine an asylum claim only if they demonstrate that a petitioner is "fabricating his contentions" or is "lacking veracity in a way that negates the substance of the claim." Certified Administrative Record at 7 (Dissent). "Generally, minor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding." de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir. 1997). To support a negative credibility finding, inconsistencies must go to the heart of a petitioner's claim. Id. at 394. Despite citation to Mr. Rosenberg's opinion, petitioner does not argue why the temporal details in his testimony do not go to the heart of his claim.

Petitioner does complain that the IJ did not explain why the inconsistencies cast doubt on his claims and did not suggest other reasons why his claims lacked credibility. Further, based on Mr. Rosenberg's dissent, petitioner contends that the IJ credited "the same story offered by Petitioner's brother" in a separate

asylum claim. Appellant's Opening Br. at 14. Again, these arguments were not raised to the BIA, which constitutes a failure to exhaust administrative remedies. See Rivera-Zurita, 946 F.2d at 120 n.2. We have no jurisdiction to address them. See id. We need not address the credibility issue beyond those arguments presented by petitioner in his opening brief. See United States v. Kunzman, 54 F.3d 1522, 1534 (10th Cir. 1995) (holding reasoned arguments must be presented in support of appeal from adverse ruling).

On independent review of the certified administrative record as a whole, we conclude that substantial evidence supports the BIA's credibility determination and, therefore, its conclusion that petitioner did not meet the standards for establishing eligibility for asylum. The decision of the Board of Immigration Appeals is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge