# United States Court of Appeals
## For the First Circuit

No. 02-1990

SHENGLI ZHANG,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Siler,* Senior Circuit Judge.

Scott A. Conwell, with whom Venable, Baetjer, Howard and Civiletti, LLP, and Kevin M. Reilly were on brief, for petitioner.

William C. Peachey, Office Of Immigration Litigation, with whom Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, and Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, were on brief for respondents.

November 3, 2003

---

*Of the Sixth Circuit Court of Appeals, sitting by designation.

**SILER**, <u>**Senior Circuit Judge**</u>.   Petitioner Shengli Zhang, a native and citizen of China, petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA), affirming the immigration judge's (IJ's) denial of his requests for asylum and for withholding of removal, and review of the BIA's subsequent denial of his motion to reopen and reconsider.  For the reasons that follow, Zhang's petition for review of the BIA's order denying asylum and withholding of removal is **DISMISSED** as untimely, and his petition regarding the BIA's subsequent order denying reopening and reconsideration is **DENIED.**

## I.  BACKGROUND

Zhang is a promoter of democracy for his native land of China. In 1982, he scaled the wall of the U.S. Embassy in China seeking asylum.  U.S. Embassy Official Charles Martin delivered Zhang to the Chinese authorities, who put him in a labor camp from which he escaped a year later.  Twenty days into his escape, Chinese authorities recaptured Zhang and gave him three more years at hard labor for "counter-communist behaviors."  After prison, Zhang received a license to sell cloth from the Chinese government and eventually obtained a visa to travel to the United States.

In 1996, Zhang came to the United States to seek asylum, but returned unsuccessful to China ten days later. Without incident of persecution, Zhang stayed in China until he returned to the United

States in 1997. Since his arrival in the United States, Zhang has been active in pro-China-democracy protests.

Zhang overstayed his visa, and the Immigration and Naturalization Service (INS) filed a deportation action. Zhang sought relief from deportation in the form of asylum and withholding of removal. On November 7, 2000, the IJ denied asylum, finding Zhang "not a credible witness," but even in the most favorable light, also found Zhang failed to meet his burden of proof. Zhang filed a timely notice of appeal with the BIA, but failed to refile his brief after it was disallowed for lack of service on the INS. The BIA affirmed the IJ, on the basis that the IJ "provided specific reasons" for finding Zhang failed to meet his burden of proof and that "significant doubts were cast" on Zhang's corroborative evidence.

On April 29, 2002, Zhang filed a timely motion with the BIA to reopen and reconsider its decision. The BIA denied reconsideration because Zhang was trying to "correct his failure to file a brief and to further expand on the summary statements provided on the Notice of Appeal," and because Zhang raised "arguments not previously articulated on appeal." The BIA denied reopening because all of Zhang's new evidence was supportive of his credibility, which the BIA found immaterial in light of the alternative ground that, even assuming Zhang's credibility, he had failed to sustain his burden of proof.

## II. DISCUSSION

### The Original BIA Denial of Asylum

Zhang spends most of his brief attacking the IJ's denial of asylum and the BIA's subsequent affirmance on March 28, 2002. Citing the correct "substantial evidence" standard of review, see Gailius v. INS, 147 F.3d 34, 43 (1st Cir. 1998), Zhang appeals the credibility determinations[1] of the IJ and BIA, and their applications of the "well founded fear" of future persecution standard. Unfortunately for Zhang, his petition to this court on August 13, 2002, for review of these initial determinations came well after the thirty-day time limit imposed by the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-3546 (codified in scattered sections of Title 8 and 18) (IIRIRA).

Under the IIRIRA, all final BIA orders must be appealed to this court within thirty days. 8 U.S.C. § 1252(b)(1). This need to timely appeal is a strict jurisdictional requirement. See Sankarpillai v. Ashcroft, 330 F.3d 1004, 1005-06 (7th Cir. 2003) (collecting cases). Moreover, this time to appeal asylum orders continues to run despite Zhang's motions to reopen and reconsider;

---

[1]Specifically, Zhang challenges the IJ's use of Zhang's demeanor in court (laughing), lack of education and employment, political beliefs, as well as failing to take cultural differences into account when making the credibility determination.

-4-

these motions are appealed separately.  See Stone v. INS, 514 U.S. 386, 405-06 (1995).[2]

In this case, because Zhang appealed the BIA's March 28, 2002, denial of asylum well over the thirty-day limit, we lack jurisdiction to review the underlying denial.  However, Zhang timely appealed the BIA's denial of his motion to reopen and reconsider.

**The BIA's Denial of the Motion to Reopen**

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."  8 C.F.R. § 3.2(c).  Courts recognize two independent, but non-exclusive grounds on which the BIA may deny a motion to reopen: (1) failure to establish a prima facie case, and (2) failure to introduce previously unavailable, material evidence.  See Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir. 2003).  Even if Zhang meets these requirements, the BIA may still use its discretion to deny relief.  Id.; 8 C.F.R. § 3.2(a).  We can only overturn the BIA's decision for an abuse of discretion.  Herbert v. Ashcroft, 325 F.3d 68, 70 (1st Cir. 2003).  Because Zhang failed to introduce any new

_____

[2]Stone interpreted a different version of the Immigration and Naturalization Act, much of which was repealed by the IIRIRA. However, Congress reenacted the central provision that the Stone Court used to make its determination, and the circuits continue to cite Stone for the proposition that filing a motion to reopen or reconsider does not toll the time for appealing a denial of asylum. See Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001).

material evidence, the BIA did not abuse its discretion in denying Zhang's motion to reopen.

The BIA has rationally explained and supported why it denied Zhang's motion to reopen. It found the only new evidence Zhang offered simply corroborated his testimony about scaling a wall of the U.S. Embassy and his time spent in a labor camp.[3] While this evidence lent credit to his previous testimony, the BIA accepted Zhang's testimony as credible in its determination, thus making this evidence superfluous. Even Zhang frames this evidence in his brief as "corroborating" his earlier testimony.

The BIA accepted all of Zhang's testimony as credible, but based its denial on the alternative ground that Zhang failed to sustain his burden of proof. Particularly, it found Zhang failed to meet his burden of proof because he had gone back to China without incident and had been able to secure employment after his release from the labor camp. Since Zhang's new evidence does nothing to contradict this alternative ground, and simply corroborates his earlier testimony of events prior to his employment and travel back to China, the BIA did not abuse its discretion in denying Zhang's motion to reopen.

### The BIA's Denial of Motion to Reconsider

---

[3]Specifically, Zhang submitted an affidavit from embassy employee Martin corroborating his scaling the embassy wall and a document (verdict of extending Laogai) evidencing his time spent in a labor camp.

Zhang's motion for reconsideration does not fare any better. Motions for reconsideration shall state "the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 3.2(b)(1). The purpose of a motion to reconsider is not to raise new facts, but to demonstrate that the BIA erred as a matter of law or fact. We again review the BIA determination for an abuse of discretion. Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001). In the reconsideration context, we will find an abuse of discretion if the denial was made without a "rational explanation, inexplicably departed from established policies, or rested on an impermissible basis" (such as race). Id.

In his notice of appeal to the BIA, appealing the original IJ denial of asylum, Zhang asserted that the IJ erred in her determinations on (1) Zhang's credibility, (2) his failure to establish past persecution, (3) his well founded fear based upon his U.S. political activities, and (4) the insufficiency of his explanation of why the Chinese government did not harm him when he returned to China. The BIA subsequently rejected Zhang's brief for lack of service on the INS. Although given the opportunity, Zhang failed to refile any brief with the BIA.

After the BIA denied Zhang's appeal of the original asylum determination, Zhang's timely motion to reconsider asserted that the IJ erred in determining his credibility and had failed to

consider his current political demonstrations against the Chinese government in her "well founded fear" analysis.  The BIA denied reconsideration, stating that Zhang was using the motion to "correct his failure to file a brief and to further expand on the summary statements provided on the Notice of Appeal," and thus declined to reconsider because Zhang raised "arguments not previously articulated on appeal."

The abuse of discretion standard simply requires a rational explanation, and the BIA explained that it denied the motion because it raised previously undeveloped arguments.  This circuit has a similar rule, refusing to consider arguments raised but not briefed.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (documenting "settled appellate rule that issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").  Moreover, we have recently upheld a BIA denial for reconsideration, because the BIA found the alien's reasons for reconsideration (not appeal, like Zhang) to be "conclusory" and "insufficiently detailed" to serve as a basis for reconsideration.  Nascimento, 274 F.3d at 28.  Here, because he had no brief, Zhang had only made the conclusory assertions in his original notice of appeal.  The BIA did not abuse its discretion by refusing to consider arguments developed for the first time on the reconsideration appeal.

### III. CONCLUSION

We <u>affirm</u> the BIA's denial of Zhang's motion to reopen and reconsider, and <u>dismiss</u> Zhang's appeal of the BIA's denial of asylum for lack of jurisdiction.