

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lin v. Atty Gen USA" (2004). *2004 Decisions.* Paper 515.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/515

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2564

WEI LIN,
Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
No. A77-309-511

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2004

BEFORE:  AMBRO, ALDISERT and STAPLETON, Circuit Judges

(Opinion Filed:    July 8, 2004)

STAPLETON, Circuit Judge:

Petitioner, a native and citizen of the People's Republic of China, seeks political asylum and withholding of removal. This relief was denied by an Immigration Judge ("IJ") whose decision was affirmed by the Board of Immigration Appeals ("BIA"). Following the BIA's action, petitioner did not file a timely petition for review. He did, however, file a timely motion for reconsideration. After this motion was denied, he filed a timely notice of appeal of that denial.

A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995). The filing of a subsequent motion to reopen or reconsider a final order of deportation does not toll the 30-day period for seeking review of the underlying order and does not render the underlying order non-final. *Id.* at 394-406; *see also Nocon v. INS*, 789 F.2d 1028, 1032 (3d Cir. 1986) (neither filing a motion to reopen nor motion to reconsider suspends the time for filing a petition for review of the underlying order).

Petitioner did not file a timely petition for review of the BIA's order affirming the

2

IJ's decision. Rather, he petitioned for review of the BIA's April 24, 2003, decision denying his motion to reconsider. To the extent that petitioner seeks to challenge in this appeal the findings and conclusions of the IJ which the BIA affirmed, the Court lacks jurisdiction to consider those issues. *Stone*, 514 U.S. at 405; *accord Zhang v. INS*, 348 F.3d 289, 292 (1st Cir. 2003) (holding that the court of appeals only had jurisdiction to consider the BIA's denial of an alien's motion to reopen and reconsider, where the alien never filed a petition for review of the BIA's underlying decision); *Zhao v. United States Dept. of Justice*, 265 F.3d 83, 89 (2d Cir. 2001) (same); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (same), *cert. denied*, 522 U.S. 809 (1997).

To the extent petitioner seeks to challenge the denial of his motion to reconsider, he has advanced no argument before us which would warrant overturning the BIA's denial of his motion.

The petition for review will be denied.