**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1542

MARLENE DAISY GUERRA CABALLERO ET AL.,
Petitioners,

v.

ALBERTO R. GONZALES,[*] ATTORNEY GENERAL,
Respondent.

PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Torruella and Selya, Circuit Judges.

Desmond P. FitzGerald and FitzGerald & Company, LLC on brief
for petitioners.
Peter D. Keisler, Assistant Attorney General, Civil Division,
M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration
Litigation, and Carol Federighi, Attorney, Office of Immigration
Litigation, on brief, for respondent.

May 11, 2005

---

[*]Alberto R. Gonzales was sworn in as United States Attorney
General on February 3, 2005. We have therefore substituted
Attorney General Gonzales for his predecessor in office as
respondent in this matter. See Fed. R. App. P. 43(c)(2).

**Per Curiam**.  In September of 2000, petitioner-appellant Marlene Daisy Guerra Caballero (Guerra) and her three minor children, all Panamanian nationals, were apprehended by immigration officials at Miami International Airport when they failed to present valid entry documents.  The government instituted removal proceedings but provisionally released the petitioner and her family, who took up residence in Massachusetts.  The removal proceedings were referred there and the petitioner cross-filed for asylum, withholding of removal, and relief under the Convention against Torture (CAT) on behalf of herself and her children.

Following a hearing on March 14, 2003, an immigration judge (IJ) adjudged the petitioner and her children removable and rejected their applications for asylum, withholding of removal, and relief under CAT.  The IJ's memorandum decision admonished that any appeals from the decision were due on or before April 14, 2003. See 8 C.F.R. § 1003.38(b) (stating that appeals shall be filed within thirty days after the stating of an IJ's oral decision or the mailing of an IJ's written decision).  The IJ's written order was personally served on the petitioner.

The petitioner's attorney, Desmond P. FitzGerald, completed a notice of appeal on the petitioner's behalf and overnighted it, via a delivery service, on Friday, April 11, 2003. This notice listed only the petitioner as an appellant, omitting

-2-

any mention of her children.[1]  The mailing was flawed, however, in a fatal respect:  it was addressed to the immigration court in Boston rather than to the BIA's offices in Falls Church, Virginia.  See id. (stating that "[t]he Notice of Appeal . . . shall be filed directly with the Board of Immigration Appeals").  The following Monday, a clerk at the immigration court received the wayward missive and promptly called Attorney FitzGerald to notify him of the error.  By then, it was too late:  although Attorney FitzGerald's office promptly forwarded a duplicate copy of the notice to the BIA, that agency did not receive it until April 16, 2003 — two business days after the regulatory deadline had passed.

The petitioner followed this unsuccessful effort at remediation with a motion to enlarge the time to file a brief, in which she acknowledged her lapse and asserted unspecified constitutional rights in an attempt to persuade the BIA to overlook that lapse.  The BIA was unconvinced:  in a decision dated August 25, 2003, it cited the expiration of the thirty-day appeal period as its basis for determining that further briefing would be an exercise in futility and that it lacked subject matter jurisdiction over the attempted appeal.  Accordingly, the BIA deemed the IJ's

---

[1]No notices of appeal were filed on the children's behalf until almost six months after the due date. On March 24, 2004, the BIA rejected the children's appeals as untimely.  In her brief before this court, the petitioner discusses only the BIA's failure to allow her own appeal to proceed; she does not attempt to formulate any argument that the children's appeals were timely.

decision "final" and returned the case to the immigration court. See id. § 1003.39.

Undeterred, the petitioner filed a motion for reconsideration. In it, she characterized her attorney's blunder as a "technical error[]" and argued that her good-faith effort to comply with the deadline warranted a determination that the notice of appeal was timely. The BIA denied the motion on March 24, 2004, repeating substantially the same refrain that had been articulated in its earlier decision. This petition for judicial review followed.

On appeal, the petitioner renews her attack, first made below, on the BIA's determination that her appeal rights were forfeited. Because the petitioner failed to seek timely judicial review of the BIA's August 25, 2003 ruling, the scope of our review is necessarily limited to the BIA's denial of her motion to reconsider. See 8 U.S.C. § 1252(b)(1) (requiring that petitions for judicial review be submitted within thirty days of a final order of removal); see also Stone v. INS, 514 U.S. 386, 394-95 (1995) (holding that filing a motion for reconsideration does not toll the time to petition for review); Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003) (similar).

We review denials of motions to reconsider solely for abuse of discretion. Zhang, 348 F.3d at 293; Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001). "In the reconsideration context,

we will find an abuse of discretion if the denial was made without a 'rational explanation, inexplicably departed from established policies, or rested on an impermissible basis' (such as race)." Zhang, 348 F.3d at 293 (quoting Nascimento, 274 F.3d at 28).

Viewed through this prism, the petitioner's argument is unpersuasive. She devotes her brief to explaining, for what is now the third time, why her notice of appeal should be considered timely even though the BIA did not receive it by the appointed deadline. The substantive argument is unavailing: the applicable regulations are crystal clear as to what constitutes timely filing of a notice of appeal, and the petitioner's filing does not satisfy those criteria. See 8 C.F.R. § 1003.3(a)(1) ("An appeal is not properly filed unless it is received at the Board, along with all required documents, fees or fee waiver requests, and proof of service, within the time specified in the governing sections of this chapter." (emphasis supplied)); id. § 1003.38(b) (stating that the notice "shall be filed directly with the Board of Immigration Appeals within 30 calendar days" of an IJ's decision). The BIA itself recognized, more than half a century ago, that it ordinarily is powerless to ignore this regulatory limitation.[2] "Where an

_____

[2]Under certain circumstances an immigration court may certify an appeal directly to the BIA. See 8 C.F.R. §§ 1003.1(c), 1003.7. Such a certification may provide the agency with the ability to review an otherwise untimely appeal. See Shamsi v. INS, 998 F.2d 761, 762 n.2 (9th Cir. 1993); Matter of Iberia Airlines Flight No. IB 951, 19 I. & N. Dec. 768, 768-69 (BIA 1988). However, this procedure is entirely discretionary and, in all events, has not

appeal is not filed timely . . . the Board is without authority or jurisdiction to consider the appeal." Matter of G-Z-, 5 I. & N. Dec. 295, 295 (BIA 1953) (holding that an appeal filed one day late was unreviewable); accord Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir. 1993).

There are, of course, equitable exceptions to this rule — but they are very few and far between. For example, courts have granted equitable relief when a petitioner has been misled by the IJ's acts or words into believing that the time for appeal has been extended or tolled and then reasonably relied on that assurance. See, e.g., Hernandez-Rivera v. INS, 630 F.2d 1352, 1355 (9th Cir. 1980). Nothing remotely resembling such misplaced reliance is alleged here. This is a case of late filing, pure and simple, and thus does not justify an equitable exception. See Stajic v. INS, 961 F.2d 403, 404-05 (2d Cir. 1992).

At bottom, the petitioner invites us to classify as irrational, anomalous, or discriminatory a BIA decision that did no more than apply the regulations straightforwardly and in a manner consistent with the Board's own precedents. On this record, it would defy logic to accept that invitation. There is no hint here that the BIA misconceived the facts, misinterpreted the law, or acted arbitrarily. Accordingly, there is no plausible basis for

_____

been invoked here.

finding an abuse of discretion.  <u>See</u> <u>Wang</u> v. <u>Ashcroft</u>, 367 F.3d 25, 27 (1st Cir. 2004).

We need go no further.  We hold that the BIA acted within the realm of its discretion when it denied the petitioner's motion for reconsideration and refused to revivify her expired appeal rights.

**<u>The petition for review is denied</u>**.