**Mohammed S. DIALLO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–40753–AG.**

United States Court of Appeals, Second Circuit.

May 23, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Meer M.M. Rahman, Christophe & Associates, P.C., New York, N.Y., for Petitioner.

Edward Chang, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, for Respondent, of counsel.

Present: WINTER, KATZMANN, Circuit Judges and MURTHA, District Judge.**

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the decision of the Board of Immigration Appeals is **AFFIRMED**.

Mohammed S. Diallo, a native and citizen of Guinea, petitions this Court for review of a September 26, 2003 order of the Board of Immigration Appeals ("BIA"). This order denied Diallo's motion to reopen his deportation proceedings to present an asylum claim and request relief under Article 3 of the Convention Against Torture on account of ineffective assistance of counsel, new evidence, and changed country circumstances. We assume the parties' familiarity with the facts and procedural history of this matter. For the reasons that follow, we deny the petition.

This Court reviews the BIA's conclusions of law de novo. See Mardones v. McElroy, 197 F.3d 619, 624 (2d Cir.1999). When the BIA has applied the correct law, its decision to deny a motion to reopen deportation proceedings is reviewed for abuse of discretion. See Iavorski v. INS, 232 F.3d 124, 128 (2d Cir.2000).

■ The BIA's denial of Diallo's motion to reopen for ineffective assistance of counsel was not an abuse of discretion. The BIA correctly acknowledged the law in this circuit permitting equity to toll the 90-day filing limitation of 8 C.F.R. § 1003.2(c)(2) when an alien demonstrates that (1) "his constitutional right to due process has been violated by the conduct of counsel," and (2) he has "exercised due diligence in pursuing the case during the period [he] seeks to toll." Iavorski, 232 F.3d at 134-135. The BIA also correctly acknowledged that equitable tolling is only permitted until the ineffective assistance of counsel is, or should have been, discovered

** The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

by a reasonable person in the situation. *Id.* at 134. Thus, the time between the BIA's January 27, 2000 decision dismissing Diallo's appeal because Diallo's counsel failed to file a written brief in support of Diallo's appeal and August or September 2002, the date Diallo allegedly learned of his former counsel's clearly ineffective assistance, can be tolled if Diallo demonstrated due diligence in pursuing his claim during this period. However, the BIA did not abuse its discretion in determining that Diallo did not demonstrate due diligence because he did not provide any evidence that he attempted to contact former counsel or investigate the status of his appeal until May 26, 2002, more than two years after the BIA dismissed his appeal. Furthermore, Diallo's motion was untimely even if equitable tolling applied. Diallo was put on notice in approximately August or September 2002 of his possible ineffective assistance claim and thus, had 90 days from the date of his discovery to file his motion to reopen. *See id.* at 134. However, Diallo did not file a motion to reopen alleging ineffective assistance of counsel until May 14, 2003, more than seven months later.

■ The BIA also did not abuse its discretion in denying Diallo's motion to reopen deportation proceedings to present an asylum claim and request relief under Article 3 of the Convention Against Torture on account of new evidence. Diallo's motion to reopen on account of new evidence was untimely. Even assuming, *arguendo,* that Diallo's motion was timely, Diallo did not present evidence that was previously unavailable and material. A motion to reopen in deportation proceedings "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing ..." 8

C.F.R. 1003.2 (2005). First, Diallo failed to provide an adequate explanation for his failure to previously obtain those documents dated prior to his October 5, 1998 hearing before the Immigration Judge. Secondly, many documents were immaterial to his claim because they simply corroborated testimony that the IJ had accepted as credible. *See Zhang v. INS,* 348 F.3d 289, 292 (1st Cir.2003) (holding that the BIA did not abuse its discretion in declining to reopen when new evidence simply corroborated testimony and testimony had been accepted as credible). Finally, the BIA did not abuse its discretion in holding that documentation relating to the grant of asylum to Diallo's stepfather was immaterial because persecution suffered and feared by an alien's relative is not necessarily relevant to the alien's request for asylum. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).

■ The BIA did not abuse its discretion in denying Diallo's claim to reopen deportation proceedings to present an asylum claim and request relief under Article 3 of the Convention Against Torture on account of changed country circumstances. The 90–day statute of limitations for motions to reopen does not apply to claims of "changed circumstances arising in a country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Although the country conditions in Guinea are turbulent, the 2002 Department of State Country Report on Guinea and the article submitted by Diallo do not indicate that country conditions have substantially changed since Diallo's October 5, 1998 hearing before the Immigration Judge.

We find Diallo's remaining arguments to be without merit. Accordingly, the petition is **DENIED** and the order of the

Board of Immigration Appeals is **AF-FIRMED.**