**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1149

HERMASE AMICY,
Petitioner,

v.

ALBERTO GONZALES, Attorney General,
Respondent.[*]

---

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

---

Before

Lynch, Lipez, and Howard, Circuit Judges.

---

Roxana V. Muro and FitzGerald & Company, LLC for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, and Jonathan Potter, Attorney, Office of Immigration Litigation, Civil Division, on brief for respondent.

---

June 3, 2005

---

[*]Alberto Gonzales was sworn in as United States Attorney General on February 3, 2005. We have therefore substituted Attorney General Gonzales for John Ashcroft as the respondent. See Fed. R. Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(2).

**Per curiam**.  Hermase Amicy petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her motion to reopen her immigration proceedings.  We deny the petition.

Amicy, a native and citizen of Haiti, entered the United States illegally in 1991.  Nine years later, the Immigration and Naturalization Service (INS)[1] initiated removal proceedings under 8 U.S.C. § 1182(a)(6)(A)(i) (governing aliens present in the United States without admission or parole).  Conceding removability, Amicy applied for asylum and withholding of removal based on the persecution that she allegedly had suffered in Haiti as a result of her participation in a pro-democracy "political religious" group.  Amicy claimed that, in 1991, the "Ton Ton Macoutes," a military group affiliated with the deposed regime of Jean-Claude Duvalier, arrested her because of her political activities.  She testified that during her one-month detainment, she was interrogated, beaten and raped.[2]  Her asylum application also stated that her brother was killed in Haiti in 1999.

The immigration judge (IJ) denied Amicy's asylum claim as time-barred. Citing inconsistencies in Amicy's testimony and her inability to remember events critical to her claim, the IJ also

---

[1]In March 2003 the relevant functions of the INS were reorganized and transferred into the new Department of Homeland Security.

[2]Amicy did not mention the rape in her asylum application.

found Amicy lacked credibility and denied her withholding of removal application. An order of removal was issued on January 31, 2002. Amicy's appeal to the BIA conceded that her asylum claim was time-barred, but argued that she was eligible for withholding of removal. On June 10, 2003, the BIA adopted the IJ's decision and dismissed Amicy's appeal.

Three months after the BIA's final order of removal, Amicy moved the BIA to reopen her immigration proceedings. She claimed that her inability to remember the events surrounding her persecution was the result of significant psychological trauma. In support of her motion, she submitted a psychiatric evaluation that stated that Amicy is impaired by "difficulties in spatial organization" and "distractibility," and that these symptoms are "consistent with a diagnosis of Major Depressive Disorder." She also submitted a picture allegedly showing her son with gun shot wounds. On December 29, 2003, the BIA denied Amicy's motion to reopen, finding that the new evidence did not adequately rebut the IJ's adverse credibility determination and that Amicy had not established that the new evidence was previously unavailable.

The BIA may grant a motion to reopen when the petitioner establishes (1) "a prima facie case for the underlying substantive relief sought," and (2) that the motion introduces "previously unavailable, material evidence." Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir. 2003) (quoting INS v. Abudu, 485 U.S. 94, 107 (1988));

see also 8 C.F.R. § 1003.2(c)(1). Even when the petitioner satisfies both of these requirements, however, the BIA retains the discretion to grant or deny the motion. See Fesseha, 333 F.3d at 20; 8 C.F.R. § 1003.2(a). Thus, we will only reverse the BIA for an abuse of discretion. See Fesseha, 333 F.3d at 20.

Amicy has made no showing that her newly proffered evidence was unavailable and could not have been presented to the IJ at the removal hearing. Cf. Elboukili v. INS, 125 F.3d 861, 1997 WL 616222, at *2 (10th Cir. 1997) (unpublished opinion) (denying petitioner's request to supplement the record with a psychological evaluation because "this means of demonstrating petitioner's mental state has always been available to petitioner"). She therefore has failed to establish the second requirement for reopening an immigration proceeding. Because the BIA was within its discretion to deny Amicy's motion to reopen on that basis alone, we need not consider whether Amicy has established a prima facie claim for relief.[3]

---

[3]We also decline to consider Amicy's contention that the BIA should have granted her relief because the IJ failed to provide a detailed explanation in support of his adverse credibility determination. All final orders of the BIA must be challenged in this court within 30 days. 8 U.S.C. § 1252(b)(1). The final order denying Amicy's underlying claims for asylum and withholding of removal was issued by the BIA on June 10, 2003. Amicy's motion to reopen did not enlarge the filing period for judicial review of her underlying claims, nor did her petition to review the BIA's December 29, 2003 order (denying her motion to reopen) preserve her challenge to the underlying removal order. See Ven v. Ashcroft, 386 F.3d 357, 359-60 (1st Cir. 2004). Because Amicy did not timely petition for review of the BIA's June 10, 2003 order, we lack

Accordingly, the petition for review is **<u>denied</u>**.

---

jurisdiction to consider the underlying denial.  <u>See</u> <u>Zhang</u> v. <u>INS</u>, 348 F.3d 289, 292 (1st Cir. 2003).