**YONG KUI CHEN, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 04–3455–ag.

United States Court of Appeals,
Second Circuit.

May 2, 2006.

Yong Kui Chen, New York, New York, for Petitioner, pro se.

Todd P. Graves, United States Attorney for the Western District of Missouri, Joel F. May, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Kui Chen, a native and citizen of the People's Republic of China, petitions for review of the order of the BIA, denying his motion to reconsider his removal proceedings. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

As a preliminary matter, we decline to review the IJ's decision denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture, and the BIA's order affirming that decision, because the petitioner failed to timely file a petition for review of the BIA's order. A petition for review of a final order of removal must be filed within 30 days of the date of the order. *See* 8 U.S.C. § 1252(b)(1). Moreover, "[a]n appeal from a final order of exclusion or deportation and an appeal from a denial of a motion to reopen or reconsider that final order involve[ ] 'two separate petitions filed to review two separate final orders.'" *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89 (2d Cir. 2001) (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao,* 265 F.3d at 93 (internal citations omitted). A motion for reconsideration "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 403 n. 2, 1991 WL 353528 (BIA 1991) (internal quotation marks omitted); *see also Zhang v. INS,* 348 F.3d 289, 293 (1st Cir.2003). As such, it "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying the petitioner's motion to reconsider, because the motion substantially repeated arguments that the BIA had previously rejected. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (finding no abuse of discretion where motion to reconsider repeats arguments that the BIA has previously rejected).

For the foregoing reason, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.