**CHAI ZHENG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4880–ag.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

David V. Kirby, United States Attorney for the District of Vermont, Carol L. Shea, Nancy J. Creswell, Assistant United States Attorneys, Burlington, VT, for Respondent.

Present RALPH K. WINTER, BARRINGTON D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Chai Zheng Lin, through counsel, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her motion to reconsider. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2004) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Kaur, 413 F.3d at 233–34; Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001).

The BIA did not abuse its discretion in denying Lin's motion to reconsider. The BIA reasonably found that both its May 2005 decision dismissing Lin's appeal, and the IJ's October 1999 decision "fully considered [Lin's] applications for asylum and withholding of [deportation] in light of the 1996 amendment to section 101(a)(42) of the Act," and that there were no errors of fact or law in the BIA's May 2005 decision.

In her petition, Lin acknowledges that in denying her motion to reconsider, the BIA considered her "claim in light of the amended definition of refugee." Lin claims, however, that the BIA failed to consider the "consistency that prevailed in [her] April 1995 airport statement, asylum application and Court testimony." Notwithstanding this claim, the BIA did not abuse its discretion because Lin merely repeated the same arguments in her motion to reconsider that she raised in her appeal to the BIA—namely, that she was credible and that the IJ failed to find that Lin's testimony was consistent with her airport statement, credible fear interview, and asylum application. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006) (citing Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir.2004); Ahmed v. Ashcroft, 388 F.3d 247, 250–51 (7th Cir. 2004); Sswajje v. Ashcroft, 350 F.3d 528, 533 (6th Cir.2003)); see also Shengli Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003). Moreover, Lin failed to identify any errors of fact or law in the BIA's previous decision. See id.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).