United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60425
Summary Calendar

_____

LALANI MADATALI MALIK,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 929 053
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

    Lalani Madatali Malik, a native and citizen of India, petitions for review of the April 13, 2006, order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of the denial of his motion to reopen his removal proceeding. The BIA denied the motion because Malik's 60-day period for voluntary departure expired prior to the time that Malik filed his motion for reconsideration. See 8 U.S.C. § 1229c(d).

    Malik raises several issues that are not pertinent to the April 13, 2006 decision, including claims regarding his application

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for withholding of removal and his contention that he is entitled to relief as a derivative beneficiary of his wife's labor-certification application. Because we have jurisdiction to review only those administrative decisions from which the alien has filed a petition for review, any claim not relevant to the April 13, 2006 BIA decision is not properly before us. See Zhang v. INS, 348 F.3d 289, 292 (5th Cir. 2003) (citing Stone v. INS, 514 U.S. 386, 405-06 (1995)).

Malik concedes that, in Banda-Ortiz v. Gonzales, 445 F.3d 387, 389-91 (5th Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3207 (Sept. 28, 2006) (No. 06-477), this court held that the BIA is not required to automatically toll the voluntary-departure period for an alien whose motion to reopen is pending before the BIA. Contrary to Malik's suggestion, a panel of this court may not overrule precedent set by another panel, absent an intervening en banc decision of this court or a Supreme Court decision. See Foster v. Quarterman, 466 F.3d 359, 367-68 (5th Cir. 2006), petition for cert. filed, (Jan. 24, 2007) (No. 06-9253). Malik has not established that the BIA abused its discretion by concluding that the expiration of his voluntary-departure period precluded the granting of his motion for reconsideration. See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).

Malik's petition for review is DENIED.