**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 21, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61098
Summary Calendar
_____

DEBORA A. TAHSOH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 898 383
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Debora A. Tahsoh seeks review of an order of the Board of
Immigration Appeals (BIA) that denied her motion to reopen
deportation proceedings.  In August 2000 an Immigration Judge
(IJ) determined that Tahsoh was removable, and the BIA affirmed
that decision in July 2003.  In October 2003 Tahsoh filed her
first motion to reopen, which the BIA denied.  In July 2005
Tahsoh filed her second motion to reopen, which the BIA denied.

Tahsoh's petition for review, filed October 3, 2005, is
timely only as to the BIA's September 2, 2005, denial of her

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

second motion to reopen.  See 8 U.S.C. § 1252(b)(1); Zhang v. INS, 348 F.3d 289, 292 (5th Cir. 2003).  We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard."  Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).

The BIA denied Tahsoh's second motion to reopen as numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2).  Tahsoh asserts that she met the legal threshold for a motion to reopen because hers was based on changed circumstances.  See 8 C.F.R. § 1003.2(c)(1)).  Tahsoh asserts that she filed an asylum application with her second motion to reopen.  However, this assertion is belied by the record.  The regulations require that "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1).  Tahsoh makes no argument that her motion to reopen, based loosely on changed country circumstances but unaccompanied by an asylum application, falls within § 1003(c)(2)(ii)'s exception to the numeric limitation of § 1003(c)(2).  She has not shown that the BIA abused its discretion by denying her second motion to reopen as numerically barred.

Tahsoh's petition for review is DENIED.