**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-2155

HANNY HERLY ARINA,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>Andre R. Sobolelvsky</u> on brief for petitioner.
<u>Surell Brady</u> on motion for summary affirmance for
respondent.

January 12, 2009

**Per Curiam**.  Petitioner, a citizen of Indonesia, whose applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") were denied, has petitioned for review of the Board of Immigration Appeals' denial of his motion for reconsideration and has moved for a stay of his removal pending such review.  Respondent has opposed the motion for a stay and has cross-moved for summary disposition.  For the reasons discussed below, after careful review of the entire record and the parties' respective motions, we summarily deny the petition, thereby mooting the motion for a stay of removal.

Because petitioner did not file a timely appeal from the November 30, 2007 decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the  Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and CAT relief, we have no jurisdiction to review that decision.  Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003).  Nor did the motion to reconsider toll the time for filing a petition for review of the BIA's original decision.  Id.

Although the BIA's denial of a motion to reconsider is separately appealable, id., such a denial is reviewable only for an abuse of discretion, id. 293, "meaning that it must be upheld unless it 'was made without a 'rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'"  Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001) (quoting Leblanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983)).

No such abuse occurred here.  The BIA's explanation for denying reconsideration--that "the motion merely restate[d] arguments presented before the Immigration Judge and on appeal . . . and presented no persuasive evidence or argument that [the BIA] committed error of law or fact in dismissing his appeal"--is rational and consistent with BIA policy.  See 8 C.F.R. § 1003.2(b) (requiring that a motion to reconsider specify errors of fact or law in the BIA's original decision and be supported by pertinent authority).  Petitioner does not allege that the BIA's original decision rested on an impermissible basis, such as petitioner's race.  Zhang, 348 F.3d at 293.  The order denying reconsideration also accurately characterizes the motion as simply restating arguments previously made and failing to make any persuasive claims of error.

Consequently, the BIA did not abuse its discretion in denying the motion for reconsideration, the only order that we have jurisdiction to review.  Accordingly, the petition for review is summarily denied.  1st Cir. R. 27.0(c).  Petitioner's motion for a stay of removal and respondent's motion to stay briefing are denied as moot.